UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JOHNNY GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-119-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Johnny Gibson's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1]  Pursuant to local practice, the matter was referred to United States Magistrate Judge J.B. Johnson, Jr., for the preparation of a Report and Recommendation (R&R) pursuant to 28 U.S.C. §636(b)(1)(B). Following review, the Magistrate Judge recommended that Gibson's petition be denied and that the action be dismissed.  Gibson filed objections to the R&R on February 13, 2006.

Having reviewed Gibson's objections, the Court concludes that the Magistrate Judge's recommendations should be adopted and that the relief requested in this action should be denied.

## I.     BACKGROUND

Gibson was indicted by a Clay County Grand Jury for first degree burglary, two counts of first degree robbery, theft over $300.00, first degree conspiracy to commit robbery, and being a persistent felony offender, second degree.  Following trial, a jury convicted Gibson of burglary and robbery.  He was then sentenced to twenty years imprisonment for the burglary charge and

twenty years imprisonment for the robbery charge, to be served consecutively.  [Record No. 9, appendix at p. 111]  This sentence was affirmed by the Kentucky Supreme Court on direct appeal.  Thereafter, Gibson moved to vacate the sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure.  The Kentucky Court of Appeals denied Gibson's request for relief.  On March 9, 2005, the Kentucky Supreme Court denied discretionary review.  Two days later, on March 11, 2005, Gibson filed the present action for habeas relief pursuant to 28 U.S.C. § 2254.

## II.    STANDARD FOR HABEAS REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a writ of habeas corpus only if a claim previously adjudicated in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Additionally, subsection (e) of § 2254 states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).  Thus, this Court must give proper deference to a state court's findings that are supported by the record, absent clear and convincing evidence to the contrary.  Lacking the showing of some constitutional violation, this Court cannot examine a state court's decision interpreting state law.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### III.   ANALYSIS

Gibson filed objections to the Magistrate Judge's Report and Recommendation on February 13, 2006.  Through these objections, Gibson alleges that habeas relief is appropriate for two reasons which are grounded on claims of ineffective assistance of counsel.  He claims that his trial counsel failed to:  (1) subpoena an allegedly exculpatory witness to testify at trial; and (2) move for recusal of the trial judge.

Where, as here, a petitioner asserts ineffective assistance of counsel, he must show both that his counsel's performance was highly deficient and that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668 (1984).  The petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  In order to satisfy the standard for constitutionally adequate performance, the attorney must provide "reasonably effective assistance."  *Id.*  Further, to prove ineffectiveness, a petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  A Petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different.  *Id.* at 687.  The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

**A.      Failure to Subpoena an Allegedly Exculpatory Witness to Testify at Trial**

Gibson claims that his counsel was ineffective for failing to subpoena Betty Parker as a defense witness. According to Gibson, Parker (his sister and his co-defendant's wife) could have provided exculpatory testimony that would have favorably affected the outcome of his trial. This claim was presented to the state courts and, therefore, is not subject to procedural default. Thus, the question before this Court is whether the state courts' adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

Applying *Strickland*, *supra*, the Kentucky Court of Appeals determined that Gibson's counsel was not ineffective because there was no indication in the record that Betty Parker would have been available to testify at trial or that her testimony would have aided Gibson's defense. Further, the Kentucky Court of Appeals noted that, even if Ms. Parker had been available to testify, the defense counsel did not "fail" to call her as a witness. Instead, counsel made a strategic decision not to call her to testify, inasmuch as her anticipated testimony would have been consistent with Gibson's guilt. Based on these facts, the Kentucky Court of Appeals found that Gibson's counsel's performance fell within the wide range of reasonable professional assistance. As the Magistrate Judge noted:

> The decision of the Kentucky Court of Appeals in Gibson's case was also not based on an "unreasonable determination of the facts," given the evidence presented in state court proceedings. Gibson failed to produce his alleged witness at the 11.42 hearing, and his "evidence" consisted of inadmissible hearsay. He mischaracterized the significance of Betty Parker's suggested testimony. Gibson failed to substantiate his 11.42 claims and cannot now complain that the decision

by the Kentucky Court of Appeals was based on an "unreasonable determination of the facts."

[Record No. 20, p. 11]  Having reviewed the Magistrate Judge's report and the objections filed by the Petitioner, the undersigned agrees with the Magistrate Judge's assessment of this issue.

### B.    Failure to Move for Recusal of the Trial Judge

Gibson also argues that his counsel's performance was ineffective because his attorney failed to seek recusal of the trial judge.  Specifically, Gibson argues that his counsel should have moved for the trial judge's recusal because the judge was acquainted with the family of the individuals involved in the case.  Gibson also asserts that the state court adjudication of his 11.42 claims of ineffectiveness resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." [Record No. 19, p. 17]  Relief may be granted, however, only if the Kentucky courts' adjudication of this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law.  28 U.S.C. § 2254(d).

In affirming the denial of Gibson's claim of ineffectiveness, the Kentucky Court of Appeals determined that Gibson had failed "to point to any facts demonstrating bias or prejudice sufficient to prove that Judge Maricle was unable to fairly or impartially try the case."  Similarly, in considering this issue, the Magistrate Judge concluded that the ineffectiveness claim fails under *Strickland* because Gibson failed to "show any objectively deficient performance by his counsel or any resulting prejudice to his defense." [Record No. 20, p. 13]

Gibson has objected to the Magistrate Judge's recommendation  that this claim does not warrant habeas relief.  Through his objections, Gibson claims that the trial judge's friendship

with some of the victims in his case required his recusal.  Having examined the Petitioner's objections on this issue, the Court notes that the Petitioner has failed to allege how counsel's failure to move for the trial judge's recusal prejudiced his defense.  Under *Strickland*, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that but for counsel's inadequate performance, the results would have been different . *Strickland*, 466 U.S. at 687, 688.  Gibson has not shown how he was prejudiced when his trial attorney failed to move for the judge's recusal.  Although there was evidence presented that the trial judge was a friend of some of the victims in the case, there is also evidence that he was friends with Gibson's family.  As noted by the Magistrate Judge, "Gibson [has failed to] show anything close to a 'predisposition . . . so extreme as to display clear inability to render fair judgment.'" [Record No. 20, p. 14]  Gibson's failure to put forth evidence of prejudice and failure to demonstrate that the state court's application of *Strickland* was improper is fatal to his ineffectiveness claim based on counsel's failure to move for the recusal of the trial judge.  The Court agrees with the Magistrate Judge's recommendation that Gibson has failed to meet his burden in establishing the he is entitled to habeas relief on this claim.

Having reviewed the Magistrate Judge's Report and Recommendation filed January 31, 2006, and having considered the objections filed by Gibson on February 13, 2006, it is hereby

**ORDERED** as follows:

1.     The Report and Recommendation of the United States Magistrate Judge [Record No. 20] is **ADOPTED** and **INCORPORATED** by reference.

2.      The Petitioner's objections [Record No. 21] to the United States Magistrate Judge's Report and Recommendation are **OVERRULED**.

3.      Petitioner's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

4.      A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right.

This 2nd day of March, 2006.

Signed By:

_Danny C. Reeves_    DCR

**United States District Judge**